UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| ERIC L. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 20-58-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Eric L. Jackson is an inmate currently being held at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Jackson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny the relief sought and dismiss Jackson's petition.

In 2001, a jury convicted Jackson of multiple drug-related crimes, including but not limited to conspiracy to distribute crack cocaine. *See United States v. Eric L. Jackson*, No. 5:01-cr-004-JPB, at Record No. 54 (N.D.W. Va. 2001). At sentencing, the trial court determined that Jackson was subject to a 20-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A) after the government had filed an information setting out his prior conviction for third-degree attempted criminal possession of a controlled substance, a class C felony in New York. *See Jackson*, No. 5:01-cr-004-JPB, at Record No. 211 (discussing the procedural history in Jackson's case). Ultimately, the trial court sentenced Jackson to a total

-1-

of 360 months imprisonment. *Id.* at Record No. 67. The United States Court of Appeals for the Fourth Circuit affirmed Jackson's convictions and sentence, *see United States v. Jackson*, 63 F. App'x 149 (4th Cir. 2003), and his subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful, *see Jackson*, No. 5:01-cr-004-JPB, at Record Nos. 119, 211.

Jackson has now filed a § 2241 petition with this Court. As an initial matter, Jackson's petition is difficult to follow. However, the crux of his claims is that, in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior New York drug conviction no longer constitutes a prior felony drug offense for purposes of § 841(b)(1)(A)'s 20-year mandatory minimum. He therefore asks this Court to grant relief from what he claims is an improperly enhanced sentence.

Jackson's petition constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually limited to challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Jackson cannot use a § 2241 petition as a way of challenging his sentence.

Nevertheless, Jackson argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), in support. It is true that, in *Hill*, the United States Court of Appeals for the Sixth Circuit set forth a limited exception under which

a federal prisoner may challenge his sentence via § 2241.  However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show:  "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595.  More recently, in *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that a federal prisoner cannot bring this kind of claim in a § 2241 petition "without showing that he had no prior reasonable opportunity to bring his argument for relief."

Jackson does not meet the *Hill*/*Wright* criteria.  He has not established that a retroactive rule of statutory interpretation causes his sentence to be a miscarriage of justice or fundamental defect.  While Jackson repeatedly cites *Mathis*, the 2016 case in which the Supreme Court clarified the so-called "categorical approach," the Sixth Circuit recently explained that "*Mathis* did not invent the categorical approach" and, "[i]n fact, it did not even break new ground." *Wright*, 939 F.3d at 705-06.  Instead, "[t]he Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth)." *Id.* at 706 (quoting *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017)).  Thus, Jackson did not need *Mathis* to assert his argument that his sentence was improperly enhanced.  In other words, Jackson cannot show that "he had no prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705; *see also Silva v. Kizziah*, No. 19-5914, 2020 WL 710789, at *2 (6th Cir. Jan. 9, 2020) (recognizing that the principles underlying the decision in *Mathis* was "established much earlier, beginning with *Taylor v. United States*, 495 U.S. 575 (1990)).

Finally, Jackson would not be entitled to relief even if he could show that he had no prior reasonable opportunity to assert his *Mathis*-related arguments.  The Sixth Circuit has

clearly indicated that the categorical approach described in *Mathis* is simply not applicable to sentence enhancements pursuant to § 841(b)(1)(A)'s very broad "felony drug offense" language. *See, e.g., Silva*, 2020 WL 710789, at *2 ("[T]his court does not utilize the categorical approach to determine whether a prior conviction is a 'felony drug offense' under § 841(b)(1)(A)."); *Romo v. Ormond*, No. 17-6317, 2018 WL 4710046, at *2 (6th Cir. Sept. 13, 2018) (recognizing the same principle). Thus, Jackson's reliance on *Mathis* is unavailing. Accordingly, it is hereby

**ORDERED** as follows:

1. Jackson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: May 4, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky